IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. CISNEROS,<br><br>                Petitioner,<br><br>vs.<br><br>TED FORD, Superintendent, Washington Correctional Facility,<br><br>                Respondent. | No. 9:10-cv-01216-JKS<br><br>MEMORANDUM DECISION |

      Jimmy L. Cisneros, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. Cisneros is currently in the custody of the New York State Department of Corrections and Community Supervision, incarcerated at the Washington Correctional Facility. Respondent has answered, and Cisneros has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

      The St. Lawrence County grand jury returned an indictment charging Cisneros with one count of Predatory Sexual Assault Against a Child (N.Y. Penal Law § 130.96), one count of Rape in the First Degree (N.Y. Penal Law § 130.35[4]), three counts of Sexual Abuse in the Second Degree (N.Y. Penal Law § 130.60[2])), and three counts of Sexual Misconduct (N. Y. Penal Law § 130.20[2]. Prior to trial, the St. Lawrence County Court dismissed the Rape in the First Degree count as multiplicitous. The case thereafter proceeded to trial. After the second day of trial, Cisneros entered a negotiated guilty plea, with counsel in open court, to Rape in the First Degree as a lesser included offense of Predatory Sexual Assault Against a Child. The remaining counts were dismissed. On June 9, 2008, the trial court sentenced Cisneros to a determinate

prison term of seven years, followed by five years of supervised release; the court also entered a permanent order of protection and required that Cisneros register as a sex offender. Cisneros timely filed an appeal from his conviction and sentence, which according to Respondent, was dismissed at some unspecified date for failure to prosecute.[1] On November 9, 2009, Cisneros filed a Motion to Vacate the Conviction under N.Y. Penal Law § 440.10 in the St. Lawrence County Court ("CPL § 440.10 motion"). The St. Lawrence County Court denied his motion in an unreported, reasoned decision. The Appellate Division, Third Department, denied leave to appeal and, on April 16, 2010, reconsideration of that denial. Cisneros filed his Petition for relief in this Court on October 13, 2010.

Because the facts underlying Cisneros's conviction are not necessary to a resolution of the issues presented in his Petition to this Court, they are not repeated here, except to understand the decision.

## II.  ISSUES RAISED/DEFENSES

In his Petition, Cisneros raises two grounds: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel. Respondent contends that the Petition is untimely and his ineffective assistance of appellate counsel claim is unexhausted and procedurally barred. Respondent asserts no other affirmative defense.[2]

---

[1] Although the record reflects an appeal was filed, the record filed in this Court does not show that the appeal was dismissed. In his Traverse, however, Cisneros does not contest that the appeal was dismissed for failure to prosecute. Indeed, even though he contends he has never been advised of the status of his appeal, Cisneros appears to acknowledge that it was dismissed. Consequently, this Court accepts that fact as true. *See* 28 U.S.C. § 2248; *Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[7]  The Supreme Court has made it clear that the objectively unreasonable standard is a substantially higher threshold than simply

---

[3] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

believing that the state court determination was incorrect.[8]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal proceeding is whether the error had a substantial and injurious effect or influence in determining the outcome.[10]  Petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[11]

> Recently the Supreme Court underscored the magnitude of the deference required:
>
> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an

---

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[10] *See Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[12]

In applying this standard, this Court reviews the last reasoned decision by the state court.[13] In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14]

IV.  DISCUSSION

If the Court sustains Respondent's affirmative defense that the Petition is untimely, the Petition must be dismissed.[15] Accordingly, this Court will address the timeliness issue first.

**A.     Timeliness**

28 U.S.C. § 2244 provides:

(d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[12] *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786-87 (emphasis added).

[13] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[15] *See Day v. McDonough*, 547 U.S. 198, 201 (2006).

The two provisions of § 2244 relevant to this case are (d)(1)(A) (date the judgment of conviction became final) and (d)(2) (exclusion of the time during which a State post-conviction proceeding is pending).

Cisneros was sentenced on June 9, 2008. Thus, under New York law, Cisneros had 30 days within which to file a notice of appeal.[16] It is undisputed that Cisneros in fact timely filed and noticed [served] a notice of appeal. Once the appeal is filed and noticed, "the appeal is deemed to have been taken."[17] Thus, as of June 11, 2008 (the date the Notice of Appeal was filed), an appeal was pending and the clock on Cisneros's time to file his Petition in this Court had not started ticking. It is also undisputed that Cisneros failed to perfect the appeal. Respondent argues that, because Cisneros failed to perfect his appeal, his conviction became final on July 9, 2008, 30 days after sentencing.

In support of this point, Respondent cites N. Y. Criminal Procedure Law § 460.10[1][18] and *Bethea v. Girdich*.[19] *Bethea* does not support Respondent's position. Bethea did not file a timely notice of appeal. Nearly 10 months later, Bethea filed a motion in the Appellate Division for leave to file a late notice of appeal, which the Appellate Division denied. Beathea's motion for reconsideration was likewise denied. The Second Circuit noted that Bethea's conviction became final 30 days after sentencing unless the denial of the motion to extend the time to appeal

---

[16] N.Y. Crim. Proc. Law § 460.10[1](a).

[17] N.Y. Crim. Proc. Law § 460.10[1](d).

[18] N.Y. Crim. Proc. Law § 460.10[1] requires that a notice of appeal in a criminal case be filed within 30 days after sentence is imposed.

[19] 293 F.3d 577 (2d Cir. 2002).

"restarted" the clock. As a matter of first impression, the panel in *Bethea* held that "the filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period."[20] Because in this case Cisneros filed a timely notice of appeal, *Bethea* is inapposite. Respondent has not cited any case holding that a conviction became final 30 days after sentencing where, as here, the petitioner timely filed a notice of appeal but failed to perfect that appeal. Independent research by this Court has also failed to uncover any such authority.

Cisneros filed his CPL § 440.10 motion in the St. Lawrence County Court on November 9, 2009. That motion remained pending before the New York Courts until the Appellate Division denied Cisneros's motion for reconsideration on April 16, 2010. Cisneros filed his Petition in this Court on October 13, 2010, 177 days later. Thus, unless the date Cisneros's conviction became final was more than 188 days earlier than the date upon which Cisneros filed his CPL § 440.10 motion, i.e., prior to May 16, 2009, Cisneros's Petition is timely. Because the date upon which Cisneros's appeal was dismissed by the Appellate Division is not reflected in the record, this Court cannot determine when Cisneros's conviction became final. Thus, Respondent has failed to establish that the Petition is untimely.

**B.      Evidentiary Hearing**

Cisneros's initial request for an evidentiary hearing, as well as his request for appointment of counsel, were denied by this Court, without prejudice.[21] Cisneros has renewed his request for an evidentiary hearing in his Traverse. Ordinarily, a federal habeas proceeding is

---

[20] *Id.* at 579.

[21] Docket No. 3.

decided on the complete state-court record and a federal evidentiary hearing is required only if the trier of fact in the state proceeding has not developed the relevant facts after a full hearing.[22] The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[23] Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2),[24] which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Cisneros's request in this case does not meet that standard. Cisneros has not identified any factual conflict that would require this Court to hold an evidentiary hearing to resolve in order to determine the merits of his Petition. The request for an evidentiary hearing, therefore, will be DENIED.

---

[22] *Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeny v. Tamayo-Keyes*, 504 U.S. 1 (1992), *superceded by statute*, 28 U.S.C. 2254(e)(2) (1996).

[23] *Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398-99 (2011).

[24] *Id.* at ___, 131 S. Ct. at 1400-01.

**C.      Merits**

<u>Ground 1:  Ineffective Assistance of Trial Counsel</u>

Cisneros contends that his trial counsel was ineffective in that counsel:[25]  (1) allowed him to plead guilty on an unconstitutional statute; (2) failed to properly inform Cisneros that in pleading guilty he would be subjected to a term of supervised release as well as a prison term; and (3) because counsel knew that he would be working for the District Attorney's Office in the future, counsel was acting under an impermissible conflict of interest.  Cisneros raised the issue of ineffective assistance of counsel in his CPL § 440.10 motion.[26]  The St. Lawrence County Court rejected Cisneros's arguments, holding:

> As grounds for this motion to vacate his conviction, [Cisneros] first asserts that there is newly-discovered evidence which would have affected the outcome of the case.  [Cisneros's] second claim is that his attorney, James Monroe, Esq., provided ineffective assistance by not exploring the possibility of such new or additional evidence.  Lastly, defendant asserts that he was "sentenced to an unconstitutional statue which has caused an ex-post facto issue. . ." [Cisneros's] affirmation dated November 19, 2009, ¶ 5].  The court views this as a claim that the imposed sentence was illegal.
> Other than stating in conclusory terms that communication broke down between [Cisneros] and Mr. Monroe, and that Mr. Monroe failed to investigate the case, [Cisneros] has not alleged any additional facts supporting these claims, yet he asks for an evidentiary hearing and for the appointment of counsel to assist him at such a hearing.
> The People have responded to the motion through the affirmation of Assistant District Attorney Esposito.  The People note the following facts.  First, they observe that former defense counsel James Monroe, Esq., is now a part-time assistant district attorney, but he has had no contact with the file or the papers relating to the motion to vacate the conviction, and there were no pending matters involving this indictment when Mr. Monroe became an assistant district attorney.

---

[25] Trial counsel was retained, not court appointed.

[26] It appears that Cisneros asserted additional bases for his ineffective assistance of counsel claim in his CPL § 440.10 motion.  To the extent that he did so, Cisneros has not asserted those additional claims in his Petition to this Court.

Second, the People assert that the ground of "newly discovered evidence" as a basis for vacating a conviction only applies to a judgment of conviction after trial. Here, [Cisneros] was not convicted by trial verdict, but by plea, and the trial was discontinued.  Therefore, as a matter of law, this judgment may not be vacated on the ground of newly-discovered evidence.  Parenthetically, the court agrees with the prosecution that in any event [Cisneros's] moving papers fail to specify what facts or type of newly-discovered evidence exist, or when such information was· discovered.  Nor has [Cisneros] explained why such information or evidence could not have been discovered before sentence, with due diligence.

As the People note, no information is provided in these moving papers, other than a copy of a letter from Mr. Monroe to another attorney expressing the undocumented view that the statute defining rape in the first degree is unconstitutional because the elements of the offense are identical to those defining predatory sexual assault against a child.  Such an issue could and should have been raised, if at all, on direct appeal.  Since the issue could have been reached on direct appeal, it cannot be reached on a CPL §440.10 motion.  See CPL § 440.10(3)(a).

The People are also correct in their response that [Cisneros's] motion fails to state facts supporting his conclusion that his trial attorney was ineffective.  See *People* v. *Satterfield,* , [*sic*] 66 NY2d 796 [1985]; *People* v. *Benevento,* 91 NY2d 708 [1998]; *People* v. *Ellis,* 53 AD3d 776 [2008].  The conclusory statements about an alleged failure to investigate an alibi are fully and correctly addressed by the People's responding affidavit.  The claim was conclusory, unsubstantiated, and in any event could have been reached on a direct appeal based on the fact that this court granted the People's motion to dismiss an untimely notice of alibi.

Since neither [Cisneros] nor the prosecution has tendered transcripts of the plea or sentence, the court has ordered and has reviewed those transcripts.  In the court's exploration of the voluntariness of the counseled guilty plea, defendant explicitly told the court that he was satisfied with the services of his attorney, that he had enough time to discuss the plea and its consequences with his attorney, and that he fully understood the terms and conditions of the plea, which terms were followed by the court at sentencing.  [Cisneros] also waived the right to appeal, both orally and in writing during the plea colloquy, except as to those issues [not relevant here] which cannot validly be waived.

At the sentencing proceeding, the mother of the victim made a victim impact statement on behalf of the victim, noting that a nineteen-year-old defendant had raped her eleven-year-old daughter; [Cisneros] gave the victim a sexually transmitted disease, and may have been infected with HIV; that the child victim suffers nightmares and has become confused about normal sexual development for a person her age; and that numerous other adverse social consequences for the victim and her family were also caused by the crime.  During his own allocution, [Cisneros] apologized both to his own family and to the victim for the pain he had caused them.

> Pursuant to CPL §440.30(2) and (4) and 440.l0(2)(c), the motion to vacate the conviction on the several grounds raised is hereby denied, without a hearing. [Cisneros] has failed to set forth sufficient facts to require determination at a hearing. So ordered.[27]

Under *Strickland,* to demonstrate ineffective assistance of counsel, Cisneros must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[28] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[29] Cisneros must show that his trial counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[30]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[31]

---

[27] Docket No. 8-4, pp. 2-4.

[28] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[29] *Id*.

[30] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002); *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[31] *Knowles v. Mirzayance*, 556 U.S. ___, ___, 129 S. Ct. 1411, 1420 (2009).

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[32]

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard. Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,][which] is different from an *incorrect* application of federal law."[33]

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[34]

1. *Failure to Advise of Collateral Consequences*

In this case, the factual basis upon which Cisneros bases his claim that he was not advised of the collateral consequence, a term of supervised release, is belied by the record. The plea colloquy clearly shows that Cisneros was aware of the fact that the plea agreement included a supervised release provision.

> MS. KYRIAKOPOULOS: Your honor, the plea offer is for the defendant to plead guilty to the B felony of Rape in the First Degree, with the Court committing to no worse than seven years of prison, five years post-release. And a waiver of - - all the standard waivers, the waiver of the right to appeal, and orders protection for both victims that were made in the indictment.

---

[32] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[33] *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 785 (2011) (emphasis in the original).

[34] *Id.* at ___, 131 S. Ct. at 786.

>    THE COURT:  Mr. Cisneros understands he will have to submit a sample of his DNA.
>    MR. MONROE:  Yes, your honor.
>
>    * * *
>
>    THE COURT:  And, Ms. Kyriakopoulos, are you seeking to have the Court sign an HIV testing order?
>    MS. KYRIAKOPOULOS:  Yes, Judge.[35]

The trial court then inquired of Cisneros.

>    THE COURT:  Did you hear the plea agreement that was just placed on the record?
>    THE DEFENDANT:  Yes.
>    THE COURT:  Do you understand the terms of the agreement?
>    THE DEFENDANT:  Yes.
>    THE COURT:  Do you understand - - well, as you stand here this afternoon, do you have any questions at all about what the terms of the agreement are?
>    THE DEFENDANT:  No.[36]

Thus, it is clear from the record that, prior to the time he entered his plea, Cisneros was aware of the five-year supervised release provision.

   2. *Plea to an Unconstitutional Statute*

Cisneros's contention that the statute to which he pleaded guilty, Rape in the First Degree, is unconstitutional is based upon the following remark contained in a facsimile from his trial counsel to appellate counsel: "The statute is unconstitutional.  It doesn't significantly modify the Rape 1st statute.  It only enhances the sentence for the same behavior as Rape 1st degree."[37]  Not only is Cisneros's contention nothing more than sheer speculation and conjecture, it misreads the facsimile.  At the Plea colloquy, the following occurred:

---

[35] Docket No. 8-9, pp. 2-3.

[36] Docket No. 8-9, p. 4.

[37] Docket No. 8-2, p. 14.

>THE COURT: [. . . .]
>Okay as I was indicating Mr. Cisneros, are you voluntarily, of your own free choice, pleading guilty to the *reduced count* of Rape in the First Degree, in satisfaction of the first count of the indictment, in full satisfaction of the indictment.
>THE DEFENDANT: Yes.
>THE COURT: And you understand that Rape in the First Degree is a Class B violent felony?
>THE DEFENDANT: Yes, your Honor.[38]

Approximately three months prior to trial, the St. Lawrence County Court dismissed the Rape in the First Degree (Count 2 of the Indictment) as multiplicitous of Predatory Sexual Assault Against a Child (Count 1 of the Indictment). In dismissing the Rape in the First Degree charge not the Predatory Sexual Assault Against a Child charge, the trial court did so on the basis that the rape charge was the *lesser of* the two multiplicitous charges.[39] Attached to trial counsel's facsimile is a copy of the St. Lawrence County Court Order. The reference to an unconstitutional statute in the Order, being to the *greater* of the two, logically refers to the Predatory Sexual Assault Against a Child statute, not the Rape in the First Degree statute. Taken in the context of this case, the statute counsel is referring to in his facsimile is N.Y. Penal Law § 130.6, Predatory Sexual Assault Against a Child, not § 130.35[4], the Rape in the First Degree statute. Suffice it to say that no court has held that either N.Y. Penal Law § 130.35[4], Rape in the First Degree, or N.Y Penal Law § 130.96, Predatory Sexual Assault Against a Child, is unconstitutional.[40]

---

[38] Docket No. 8-9, p. 5 (emphasis added).

[39] Docket No. 8-2, pp. 15-17.

[40] *See, e.g., People v. Lawrence*, 916 N.Y.S.2d 393, 394 (N.Y.A.D. 2011) (Mem.) (holding in a case in which the defendant was prosecuted under § 130.96 instead of § 130.35[4], that, while §§ 130.96 and 130.35[4] overlap, the prosecutor has broad discretion in deciding which crime to charge, and the fact they overlap does not render either unconstitutional).

3. *Conflicted Counsel*

It appears from the record that approximately one year after trial counsel defended Cisneros in this case, counsel became employed on a part-time basis by the office of the St. Lawrence County District Attorney. Cisneros contends that this constitutes an irreconcilable conflict of interest, i.e., because Cisneros's interest was in receiving a vigorous defense and counsel's interest was in appeasing the district attorney's office, those interests diverged.

It is clearly established law that prejudice may be presumed when counsel "actively represents conflicting interests."[41] As the Second Circuit recently observed *vis-a-vis* attorney conflicts:

> [T]he Supreme Court has recognized that when a criminal defendant claims that defense counsel was "burdened by an actual conflict of interest," this warrants a "limited presumption of prejudice." [Quoting *Strickland*, 466 U.S. at 692.] In these instances, the presumption of prejudice attaches "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* at 692, 104 S.Ct. 2052 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)) . . . .[42]

In this case, as the St. Lawrence County Court found, there was no actual conflict involved. Thus, in order to prevail under extant Supreme Court precedent, Cisneros must show both that his trial counsel's performance was deficient *and* Cisneros's defense was prejudiced by what is properly characterized as a potential conflict.[43] Other than to allow Cisneros to plead

---

[41] *Cuyler v. Sullivan*, 466 U.S. 335, 350 (1980); *see Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978) ("Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing.").

[42] *Torres v. Donnelly*, 554 F.3d 322, 325-26 (2d Cir. 2009).

[43] This Court notes that Cisneros does not even allege that his trial counsel was contemplating being employed by the District Attorney's office in the future, let alone had a

(continued...)

guilty to an allegedly unconstitutional statute and failing to advise Cisneros of the supervised release requirement, neither of which have been substantiated, Cisneros has not shown how the alleged conflict of interest affected counsel's strategic decisions or conduct during counsel's representation.  Based upon the record, this Court can find no basis from which it could conclude that the potential conflict hindered or otherwise adversely affected Cisneros's representation by his trial counsel.

Accordingly, this Court cannot say that the decision of the St. Lawrence County Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[44] Nor, viewing the matter through the doubly-deferential lens of *Mirzayance* and *Richter*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of Cisneros's case within the scope of *Andrade-Williams-Schriro-Richter*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Cisneros has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced by any such error, as required by *Strickland-Hill*.  Cisneros is not entitled to relief under his first ground.

---

[43](...continued)
reasonable expectation that he would be at the time counsel was representing Cisneros.

[44] 28 U.S.C. § 2254(d).

Ground 2: Ineffective Assistance of Appellate Counsel

The same attorney who represented Cisneros at trial also filed the Notice of Appeal on Cisneros's behalf. It appears from the record that, after filing the Notice of Appeal, Cisneros's trial attorney "handed off" the appeal to another attorney.[45] Cisneros appears to contend that appellate counsel was ineffective by failing to perfect his appeal and argue the unconstitutionality of the statute to which he pleaded guilty. Although it is unclear, Cisneros also appears to fault his trial counsel, not the counsel to whom the appeal apparently passed.

Respondent contends that Cisneros's ineffective assistance of appellate counsel claim is unexhausted and procedurally barred. For the reasons that follow, this Court agrees. This Court may not consider claims that have not been fairly presented to the state courts.[46] "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."[47] A mere appeal to a broad constitutional guarantee, e.g., due process, is insufficient to

---

[45] Cisneros does not allege and it does not appear from the record that Cisneros retained *either* his trial counsel or the substituted counsel to appear on his behalf on appeal. There is no provision in New York law that requires an attorney retained for the purpose of trial to represent a defendant upon appeal beyond advising the defendant of his right to appeal and timely filing a notice of appeal if so requested. *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 22, §§ 821.1(a), 821.2(a). Cisneros's trial counsel in this case unquestionably fulfilled that duty. Nor does Cisneros allege that he requested court-appointed counsel on his appeal. Also, it is a mystery how, if he was not retained by Cisneros, the substitute counsel came to be involved in the case. This is particularly puzzling in light of the fact that the facsimile upon which Cisneros bases much of his ineffective assistance of counsel claim appears to have been in response to the request of the substituted attorney. In short, Cisneros has not asserted that he did not consent to the alleged "hand-off" of the appeal by his trial counsel.

[46] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[47] *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard v. Connor*, 404 U.S. 270 (1971)).

present the substance of a constitutional claim to a the state courts.[48] A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the appropriate state courts.[49] An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used.[50] Exhaustion does not require that Cisneros have cited the "book and verse on the federal constitution."[51] A petitioner who does not cite "book and verse of the Constitution" may nonetheless "fairly present to the state courts the constitutional nature of his claim" through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.[52]

Cisneros raised his ineffective assistance counsel claim in his CPL § 440.10 motion. As noted by Respondent, however, a CPL § 440.10 motion is not the proper vehicle under New York law in which to challenge the effectiveness of appellate counsel. Instead, an ineffective assistance of appellate counsel claim is raised by a common law writ of *error coram nobis* in the appellate tribunal in which the allegedly deficient appeal was brought.[53] Cisneros, having failed

---

[48] *See id.* at 163; *Anderson v. Harless*, 459 U.S. 4, 7 (1982).

[49] *Acosta v. Artuz*, 575 F.3d 177, 185 (2d Cir. 2009) (citing *Reese*, 541 U.S. at 30-34); *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[50] *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

[51] *Picard*, 404 U.S. at 278.

[52] *Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

[53] *People v. Bachert*, 509 N.E.2d 318, 321-23 (N.Y. 1987).

to properly present his ineffective assistance of counsel claim to the state courts, has not exhausted his available state-court remedies.[54] However, the Court need not rely on this basis, as it may deny the petition on the merits notwithstanding the lack of exhaustion of state court remedies,[55] particularly where the ground raised is plainly meritless.[56]

The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[57] The sole ground that Cisneros contends should have been argued on appeal was that he pleaded guilty to an unconstitutional statute. As discussed above in connection with Cisneros's first ground, there was not even a colorable, let alone viable, basis in either fact or law upon which to advance that argument. Cisneros does not argue any other viable issue upon which an appeal might be successful, and this Court's review of the record before it does not indicate that any such issue exists. Consequently, Cisneros's second ground is not only unexhausted, but meritless as well.

## V. CONCLUSION AND ORDER

An evidentiary hearing is not required. Cisneros is not entitled to relief under his first ground, and his second ground is unexhausted and meritless.

---

[54] Although Respondent also contends Cisneros is procedurally barred from bringing this claim, because he has not made any argument that Cisneros could not now obtain relief in the state courts through a writ or error *coram nobis*, Respondent provides no support for that contention.

[55] 28 U.S.C. § 2254(b)(2).

[56] *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[57] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that counsel is not ineffective by failing to raise meritless claims).

**IT IS THEREFORE ORDERED THAT** the request for an evidentiary hearing and the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus are **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[58]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[59]

The Clerk of the Court is to enter judgment accordingly.

Dated:  August 15, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[58] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("to obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El*, 537 U.S. at 327).

[59] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.